## The C. & B. Toy Clubs, Inc. v.
## Toy Ladies, Inc.

*Anthony J. Mazullo, Jr.* and *James DiFrancesco,* for plaintiff.

*John A. Metz, Jr.* and *Morton Meyers,* for defendant.

McWILLIAMS, J., December 18, 1973.—A decree nisi was filed in the instant case on August 15, 1973. Notice and copy was mailed to plaintiff's counsel August 15, 1973, as shown by the record. A final decree was entered on September 6, 1973. On Monday, September 10, 1973, plaintiff's counsel attempted to file exceptions but same were refused by the prothonotary. Plaintiff's counsel filed a motion to allow filing of exceptions nunc pro tunc. The motion was opposed by defendant's counsel as being untimely.

Plaintiff's counsel admitted in testimony and in his brief that exceptions were not timely filed by reason of the incapacity of plaintiff's counsel's secretary to type from August 23, 1973, until September 7, 1973.

Pennsylvania Rule of Civil Procedure 1517(b) provides that after the adjudication is filed: "[T]he prothonotary shall notify all parties or their attorneys of the date of filing." The record shows this was done August 15, 1973.

Time runs from the date of mailing of notice, i.e., August 15, 1973. Exceptions were not timely filed. Therefore, as stated in Riley Stoker Corp. et al. v. Workmen's Compensation Appeal Board et al., 9 Comm. Ct. 533 (1973), an extension of time to appeal will not be granted on grounds of mere hardship, but only upon the showing of fraud, deception, coercion or duress. None of these were present in the instant case. No request to the court nor leave was granted to file exceptions prior to the final decree.

Pennsylvania Rule of Civil Procedure 127(b) states: "Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Rules are of no effect if not observed. Therefore, finding the exceptions are untimely, we make the following

### ORDER

And now, December 18, 1973, plaintiff's motion to allow filing of exceptions nunc pro tunc is hereby denied and dismissed.